UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | |
|---|---|
| MICHELE M. BURNS<br>　　　　Plaintiff,<br>　v.<br><br>FORD MOTOR CREDIT COMPANY,<br>LLC, TRANS UNION, LLC, EQUIFAX<br>INFORMATION SERVICES, LLC and<br>MICHAEL J. BURNS<br>　　　　Defendants. | Civil Action No. 2:19-cv-01647-RBS<br><br><br>**STIPULATED PROTECTIVE ORDER** |

In order to preserve and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced by FORD MOTOR CREDIT COMPANY LLC ("Ford Credit") or by any party in this action, it is ordered that:

1. Documents or information to be produced or provided by Ford Credit or by any party in this litigation that contain confidential, commercially sensitive, private personal information and/or proprietary information may be designated as confidential by marking or placing the applicable notice "Subject to Protective Order," or "Confidential," or substantially similar language on media containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document.

2. As used in this Order, the terms "documents" or "information" mean all written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

3. Documents or information designated as "Subject to Protective Order," or "Confidential" or substantially similar language in accordance with the provisions of this Order ("Protected Documents" or "Protected Information") shall only be used, shown or disclosed as provided in this Order.

4. If a party to this lawsuit disagrees with the "Protected" designation made by Ford Credit of any document or information, the party will notify Ford Credit in a written letter directed to its undersigned attorneys, and identify the challenged document(s) with specificity, including Bates-number(s) where available, and the specific grounds for the objection to the designation. If the objecting party and Ford Credit are unable to resolve the issue of confidentiality regarding the challenged document(s), Ford Credit will thereafter timely apply to the Court to set a hearing for the purpose of establishing that the challenged document(s) or information is/are confidential. Protected Documents will continue to be treated as such pending determination by the Court as to the confidential status.

5. Protected Documents and any copies thereof shall be maintained confidential by the persons authorized to receive the documents pursuant to paragraph 6 and shall be used only for prosecuting, defending, or attempting to settle this litigation, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Paralegals and staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c.    A vendor hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case;

    d.    Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford Credit; and

    e.    The Court, the Court's staff, witnesses, and the jury in this case.

7.    Any party receiving a Protected Document must make reasonable efforts to ensure the individuals described in paragraphs 6(b), 6(c) and 6(d) above are Qualified Persons.

8.    Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(d) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. The receiving party shall retain each such executed Written Assurance and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c) and 6(d) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed Written Assurance and list shall be submitted to counsel for Ford Credit at the termination of this litigation or upon Order of the Court requiring production, whichever comes first. However, for consulting experts who were not designated as testifying experts, the receiving party may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A and document list for that person. To the extent the "Qualified Persons" described in paragraph 6(d) above include privileged non-testifying expert consultants, the receiving party shall retain each such executed Exhibit A and shall keep a list identifying (a) all such non-testifying expert consultants described

in paragraphs 6(d) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. In the event that a party to this litigation seeks to compel the production of each unredacted and executed Exhibit A for good cause, the receiving party shall submit each unredacted and executed Exhibit A and list to the Court for *in camera* inspection. Persons described in paragraph 6(b) shall be covered under the signature of Counsel of Record.

       9.     As the Protected Documents may only be distributed to Qualified Persons, Qualified Persons may not post Protected Documents on any website or internet accessible document repository, excepting a vendor hosted review platform for the sole purpose of reviewing the information for the subject case and not for any other purpose, and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford Credit's Protected Documents and confidential information.

      10.    To the extent that Protected Documents or information obtained therefrom are used in written discovery or in the taking of depositions (including exhibits) or other pretrial discovery or testimony and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, including any transcript pages of the deposition testimony and/or trial testimony dealing with, referring to or referencing the Protected Documents or information. Designation of the portion of the transcript (including exhibits) which contains references to Protected Documents or information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel for Ford Credit and counsel of record in this litigation within thirty (30) business days after the receipt of the draft or final transcript (whichever is

received earlier) of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Protected Documents. All portions of transcripts not designed as Confidential within the time frame provided herein shall be deemed not confidential.

11. If any party disagrees with the designation of all or part of a deposition transcript designated as "Protected" pursuant to Paragraph 10 above, such party must notify the designating party and Ford Credit's undersigned attorneys in a written letter and identify the testimony (by line and page designation) and the specific grounds for the objection to the designation. If the parties are unable to resolve the issue of confidentiality regarding the challenged deposition testimony, the designating party will thereafter timely apply to the Court to set a hearing for the purpose of establishing that the challenged deposition testimony is confidential. The designated deposition testimony at issue, and any related exhibits, will continue to be treated as a Protected Document pending determination by the Court as to the confidential status.

12. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed under seal by following the protocols for sealed filings in this Court. The parties agree that there is good cause and there exist compelling reasons to seal the requested information. However, if a party believes that documents designated as Protected Documents cannot or should not be sealed, pursuant to the protocols and rules in this Court, then the party wishing to file the materials shall particularly identify the documents or information that it wishes to file to Ford Credit's undersigned attorneys, in writing. The party and Ford Credit will then meet and confer, in a good faith effort to resolve the dispute. Failing agreement, the party wishing to file the materials

must request a ruling from the Court on whether the Protected Documents in question must be submitted under seal. Ford Credit shall have the burden of justifying that the materials must be submitted under seal. Absent written permission from Ford Credit or a court Order denying a motion to seal, a receiving party may not file in the public record any Protected Documents.

13. Within one hundred and twenty (120) days after the conclusion of this case, counsel for the parties who received Protected Documents, including any documents that any such party disclosed to any person described in paragraph 6(b), (c) or (d) above, shall either (a) return to Ford Credit the Protected Documents; or (b) securely destroy the Protected Documents and certify such destruction to Ford Credit within one hundred and fifty (150) days after the conclusion of this case.

14. Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of Ford Credit's claims of confidentiality.

15. In the event that Ford Credit produces a document without a confidentiality designation as permitted by this Order, the following procedures shall apply:

    a. Ford Credit shall, within fourteen (14) days of the discovery of the disclosure, notify the receiving party in writing. The party receiving such notice shall promptly destroy the document, including any copies it has, or return the document on request of Ford Credit. Within ten (10) days after such document is returned or its destruction certified, Ford Credit will produce a new version of any such document that was returned or destroyed, which will contain the appropriate confidentiality designation.

      b.     If the receiving party disputes Ford Credit's claim of confidentiality, that party may move the Court to challenge the confidential designation in accordance with Paragraph 4 of this Order. If the receiving party elects to file such a motion, the receiving party may retain possession of the document, but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with Paragraph 15(a) of this Order.

16. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by Ford Credit. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

17. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

18. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS HEREBY ORDERED.**

                                                                  J. R. BARCLAY SURRICK

DATED: 2/18/20

7

**AGREED AND STIPULATED TO FOR ENTRY;
NOTICE AND HEARING ARE WAIVED:**

**Attorney for Plaintiff**

By: _[signature]_

Mark A. DiAntonio, Esquire
McCann Law, LLC

and

**Attorneys for Defendant**

By: _[signature]_

Dafney Dubuisson Stokes, Esquire
Wong Fleming

## EXHIBIT A

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto, and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania in the above captioned case and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, 2020.

_____
**AFFIANT**

SUBSCRIBED AND SWORN to before me
this ___ day of _____, ____.

_____
NOTARY PUBLIC
Name:_____
No.:_____
My Commission Expires: _____

9